1   ZACHARY J. ALINDER (State Bar No. 209009)
    E-Mail:      *zalinder@sideman.com*
2   ALLYSON M. FAIR (State Bar. No. 287926)
    E-Mail:      *afair@sideman.com*
3   SIDEMAN & BANCROFT LLP
    One Embarcadero Center, Twenty-Second Floor
4   San Francisco, California 94111-3711
    Telephone:   (415) 392-1960
5   Facsimile:   (415) 392-0827

6   AARON SCHUR (State Bar No. 229566)
    E-Mail:      *aschur@yelp.com*
7   CONNIE D. SARDO (State Bar No. 253892)
    E-Mail:      *cdsardo@yelp.com*
8   YELP INC.
    140 New Montgomery Street
9   San Francisco, California 94105-3705
    Telephone:   (415) 908-3801
10  Facsimile:   (415) 390-2127

11  Attorneys for Plaintiff Yelp Inc.

12

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>EDWARD JAMES HERZSTOCK, ALEC FARWELL, and MELISSA SCHEINWALD, individuals, doing business as YELPDIRECTOR, REVPLEY, and REVLEAP; and DOES 1-20, inclusive,<br><br>            Defendants. | Case No.  3:15-cv-00693<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1.  FEDERAL TRADEMARK INFRINGEMENT;**<br>**2.  FEDERAL TRADEMARK DILUTION;**<br>**3.  FEDERAL UNFAIR COMPETITION;**<br>**4.  CYBERSQUATTING;**<br>**5.  BREACH OF CONTRACT;**<br>**6.  INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>**7.  CALIFORNIA UNFAIR COMPETITION; AND,**<br>**8.  CALIFORNIA FALSE ADVERTISING.** |

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Plaintiff Yelp Inc. ("Yelp"), by and through its undersigned counsel, for its Complaint against Defendants Edward James Herzstock ("Herzstock"), Alec Farwell ("Farwell"), and Melissa Scheinwald ("Scheinwald"), doing business as Yelpdirector, Revpley, and Revleap, and Does 1 through 20, inclusive (collectively, "Defendants"), complains and alleges as follows:

## INTRODUCTION

1.      Defendants' business willfully infringes Yelp's trademarks, defrauds and spams businesses that use Yelp, and seeks to undermine the integrity of Yelp's platform.  Millions of people rely on online reviews from Yelp every day to help them make their purchasing decisions – such as choices about restaurants, health clubs, mechanics, or doctors.  While Yelp's online reviews are a trusted resource for consumers to learn about local businesses, unfortunately some try to game the system and undermine that trust, by building businesses based on fraudulent reviews, invasive spam, and conduct that otherwise violates the law as well as Yelp's Terms of Service (the "Yelp TOS").  Defendants' websites, including www.yelpdirector.com, www.revpley.com, and www.revleap.me[1] (collectively, the "Yelpdirector Sites"), are prime examples of such unlawful and predatory businesses.

2.      Yelp was founded in 2004 to provide consumers with authentic reviews of local businesses written by other consumers.  Today, through Yelp owned and operated websites (including www.yelp.com and related international websites) and mobile applications (collectively, the "Yelp Site"), Yelp hosts over 67 million user reviews of businesses in dozens of countries worldwide, and currently is accessed by approximately 139 million unique visitors *every month*.

3.      The Yelp Site has become one of the most popular business review websites on the internet because consumers trust that the reviews are genuine and unbiased.  This established trust

---

[1] Yelp is informed and believes, and on that basis alleges, that "Revpley" is a combination of "rev" from revenue and "pley" is yelp spelled backwards, and that "Revleap" is a combination of "rev" from revenue and "leap" to denote a claimed increase in revenue.  In addition, content from Defendants' Revpley/Revleap websites has been propagated out to at least one other URL address – http://thesocializerstech.com/rp.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

and goodwill is no accident—Yelp vigilantly protects the legitimacy and authenticity of the reviews on the Yelp Site.  To that end, Yelp commits substantial resources to prevent fake, altered, or otherwise fraudulent reviews and to prevent improper or unlawful uses of the content and information available on the website, including spam.

4.      The Yelp TOS, which govern access to and use of the Yelp Site, explicitly prohibit compensating someone or being compensated to write or remove a review, posting fake reviews, and other conduct that could lead to biased reviews.  A copy of the Yelp TOS, as they existed at all times relevant to this Complaint, is attached hereto as **Exhibit 1**.

5.      Through creation of accounts on Yelp, as well as their use of the Yelp Site, Defendants agreed to the Yelp TOS, including through the Yelp account registration process.

6.      Yelp enforces compliance with the Yelp TOS in a number of ways, including by developing sophisticated technology to detect and marginalize fake or suspicious reviews, investigating businesses that post or purchase fake reviews, working with regulatory authorities to crack down on such businesses, and warning consumers about such businesses through consumer alerts.  Yelp also takes spam very seriously and does not tolerate third parties, like Defendants, attempting to spam businesses listed on Yelp with confusing, unwanted, and false messaging.

7.      In or about November 2013, Yelp learned that Defendants were operating a website called www.yelpdirector.com ("Yelp Director").  Defendants' Yelp Director business purported to sell business owners 4 and 5 star Yelp reviews and to "filter" or remove businesses' existing 1, 2 and 3 star Yelp reviews.  Defendants marketed and promoted these "services" by making unauthorized use of Yelp's registered trademarks and sending spam e-mail and text messages to businesses listed on Yelp—including Yelp's customers, prospective customers, and business account users.  These services also seek to induce Yelp users to violate the Yelp TOS themselves. Additionally, Defendants' spam promotional communications have confused recipients into believing that Yelp was affiliated with or sponsored these unlawful communications.

8.      Each of Defendants' acts, as set forth in more detail below, is independently unlawful under various state and federal laws and also violates the Yelp TOS.  Following its discovery of Defendants' practices, Yelp directly contacted Defendants and demanded that they

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  cease and desist their unlawful conduct, including ceasing their access of the Yelp Site and ceasing

2  use of Yelp's registered trademarks in their communications with businesses.  Despite being given

3  notice and an opportunity to change their ways, Defendants have refused to curtail, and indeed,

4  have expanded their unlawful business practices.  Defendants' unlawful actions have caused, and

5  are continuing to cause, damage and irreparable harm to Yelp and to Yelp's users.  Accordingly,

6  Yelp seeks injunctive, equitable, and other relief, including but not limited to actual,

7  compensatory, statutory, exemplary, treble, and punitive damages, as well as reasonable costs and

8  attorney's fees in bringing this action.

9  **PARTIES**

10  9.      Yelp is and was at all relevant times a Delaware corporation with its principal place

11  of business at 140 New Montgomery Street, San Francisco, California 94105.

12  10.     Yelp is informed and believes, and thereon alleges, that Defendant Herzstock is a

13  California resident, residing in Los Angeles County.  Yelp is informed and believes, and thereon

14  alleges, that Herzstock also uses his first and middle names "Edward James" as an alias, to

15  conduct business and hide his true identity.  Yelp is informed and believes, and thereon alleges,

16  that Herzstock, often using the alias "Edward James" is, and at all relevant times has been, a

17  registrant, co-founder, officer, and content provider of the Yelpdirector Sites.

18  11.     Yelp is informed and believes, and thereon alleges, that Defendant Farwell is also a

19  California resident, residing in Los Angeles County.  Yelp is informed and believes, and thereon

20  alleges, that Farwell is, and at all relevant times has been, a co-founder, officer, and a content

21  provider for the Yelpdirector Sites, and is primarily responsible for sending unsolicited spam e-

22  mails and text messages on behalf of the Yelpdirector Sites.

23  12.     Yelp is informed and believes, and thereon alleges, that Defendant Scheinwald is

24  also a California resident, residing in Los Angeles County.  Yelp is informed and believes, and

25  thereon alleges, that Scheinwald is, and at all relevant times has been, the Vice President of

26  Development at the Yelpdirector Sites, and is also responsible for unlawful communications and

27  acts described below, in concert with Herzstock and Farwell, and on behalf of the Yelpdirector

28  Sites.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as Does 1 through 20, inclusive, are unknown to Yelp who, therefore, sues said Defendants by such fictitious names.  Yelp is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe directed, conducted, participated in, ratified, endorsed or was otherwise involved in, is legally responsible for, and has liability, in some manner, for the events and acts alleged in this Complaint.  Yelp will amend this Complaint to reflect the true names and capacities of these Doe Defendants when the same shall have been fully and finally ascertained.

14.     At all times relevant to this action, each Defendant, including those fictitiously named Doe Defendants 1 through 20, inclusive, was the agent, servant, employee, partner, joint venturer, accomplice, conspirator, alter ego or surety of the other Defendants and was acting within the scope of that agency, employment, partnership, venture, or suretyship with the knowledge and consent or ratification of each of the other Defendants in doing the things alleged in this Complaint.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendants because the acts complained of arise out of and relate to Defendants' access to and use of the Yelp Site and because in doing so, Defendants agreed to be bound by the Yelp TOS.  In agreeing to the Yelp TOS, Defendants agreed to "submit and consent to the personal and exclusive jurisdiction in, and the exclusive venue of, the state and federal courts located within San Francisco County, California."  (Exhibit 1, Paragraph 13.)  In addition, in accessing and using the Yelp Site to commit their unlawful acts, Defendants repeatedly, knowingly, and intentionally accessed Yelp's servers, located in this District, in San Francisco, California.  Venue for this action also properly lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendants committed acts in furtherance of their operation, and a substantial part of the property that is the subject of this action is located within this District.

16.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121, because Yelp's claims arise under federal

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  statutes, including the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

2      17.    This Court has supplemental jurisdiction over Yelp's state and common law claims

3  for relief pursuant to 28 U.S.C. §§ 1338(b) and 1367 because these claims are so related to Yelp's

4  claims under federal law that they form part of the same case or controversy and derive from a

5  common nucleus of operative facts.

6                         **INTRA-DISTRICT ASSIGNMENT**

7      18.    In accordance with Civ. L.R. 3-2(c), this action is properly assigned on a District-

8  wide basis because it relates to Intellectual Property.

9                         **FACTUAL ALLEGATIONS**

10      19.    In November 2013, Yelp discovered that Defendants were purporting to sell

11  business owners "4 and 5 star" Yelp reviews via the www.yelpdirector.com website in exchange

12  for a monthly subscription fee.  Yelp discovered this activity after it began receiving complaints

13  from businesses regarding solicitations they received from Defendants.  For example, Defendants,

14  through Defendant Farwell, sent business owners unsolicited spam e-mail messages falsely

15  stating:

16      "Hi there,

17      We invented a software that allows you to proactively generate a large number of 4 and 5

18      star reviews from your customers in a way that makes them stick to the front page of Yelp.

19      All reviews 3 star and below are filtered by the system and never posted online.

20

21      Inside 6 weeks you can easily take back control of your online presence. If I can help you

22      please call me at (424)256-5295, or email alecc310@gmail.com.

23      Best,

24      Alec Farwell"

25      20.    In a similar fraudulent spam e-mail to another business owner, Defendants, through

26  Defendant Farwell, stated: "I work with one agency in Los Angeles, and in two months we've

27  gotten 500 4 & 5 star reviews on their Yelp profile. ... Specifically in the insurance industry,

28  individuals are looking at so many other resources to find you. And your customers put a lot of

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    value on things like Yelp reviews. ... YelpDirector.com is giving control back to businesses, we've

2    invented our own 'filter'. When your customer reviews you with our software, 1-3 Star reviews

3    are sent to your e-mail for quality control. 4 & 5 Star reviews are posted to Yelp."

4          21.      Defendants, through Defendant Farwell, also sent businesses—including Yelp's

5    customers—spam text messages fraudulently stating, for example: "Hey...do you need help getting

6    your good reviews to stick to Yelp? I can also remove bad reviews..Let me know if you want help.

7    Best, Alec 424 256 5295."

8          22.      Defendants' messages to businesses were knowingly false, including but not

9    limited to because Defendants have no ability to get good reviews to "stick to Yelp" and have no

10    ability to "remove bad reviews."

11          23.      Upon learning of Defendants' activities, Yelp sent Defendants a letter advising

12    Defendants that their activities breach the Yelp TOS and infringe Yelp's trademarks, and

13    requesting that they cease and desist from (i) accessing the Yelp Site, (ii) sending spam messages

14    to businesses listed on the Yelp Site, (iii) purportedly offering to alter, filter, post or sell Yelp

15    reviews, (iv) using the www.yelpdirector.com domain name, and (v) otherwise infringing the Yelp

16    trademarks by prominently displaying them in their advertising, website, domain name, and other

17    promotional materials.

18          24.      Defendants initially indicated they would comply with Yelp's requests.  Defendant

19    Herzstock stated in e-mail correspondence with Yelp that Defendants could "see how the usage of

20    'yelp' within the domain name and domain is too close for comfort.  All material that includes this

21    will be discarded."  Defendants also agreed to otherwise stop referencing Yelp in their materials,

22    stating in January of 2014 that since Yelp had reached out to them, "Revleap has not contacted

23    businesses . . . in relation to Yelp."

24          25.      Their representations were false and instead of complying with their promised

25    actions, Defendants renewed and expanded their activities through two new websites,

26    www.revpley.com and www.revleap.me, where Defendants fraudulently boast:

27          a.      "Revleap seamlessly connects your positive customer reviews with your

28    Yelp account";

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

b. "Our software license will allow you to be one of the highest ranked businesses in your community through Yelp";

c. "The software uses your customers and connects them to Yelp with cutting edge technology that you will own for life";

d. "Our software posts a large amount of 4 and 5 star reviews to your profile in a way that makes them stay in the recommended section, while getting rid of negative reviews"; and,

e. "We enable [customers] to review you in a new way, and filter out the ones you would like."

26.     Defendants' representations made in the course of advertising, marketing, promoting and selling their goods and services are knowingly false, including but not limited to because Defendants have no ability to get "rid of" or "filter out" bad reviews.

27.     Further, the www.revleap.me website falsely advertises a "3 Year Track Record of Success" with "1,315,069 positive reviews as of Thurs Feb 12 2015":



In addition, Defendants' website falsely claims "Keep your positive reviews on the first page while pushing your negative to the back." and "All reviews are gathered, 4 & 5 Star are posted to review platforms you designate. 3 Star and below are withheld in the Control Center for your quality control."

28.     Meanwhile, Defendants, through Defendant Farwell, renewed sending businesses listed on Yelp—including current and prospective Yelp advertisers—spam e-mails and text messages with false promises of review manipulation, stating, for example: "Hey...do you need any help getting your good reviews to stick to Yelp? Or removing bad reviews?  I got your number off Yelp.  You can call me at 310-997-2079.  Best, Alec, alec@revleap.me."  These unsolicited and fraudulent spam messages caused actual confusion and harmed Yelp's goodwill, generating complaints to Yelp.  For example, one individual posted a photograph of Defendants' spam text messages on Twitter and commented, "Wow.  Getting text spam from @yelp pages."

29.     Defendants also began sending out deceptive and misleading promotional business surveys in conjunction with offers to win gift cards.  Yelp is informed and believes, and thereon alleges, that to the extent any such gift card was actually awarded, a review of the business was required to be eligible to win any such gift card.  Yelp is informed and believes, and thereon alleges, that if the completed survey was all positive, Defendants would then provide the respondent with a link to the relevant business listing on the Yelp Site to write a review.  That such endorsements were incentivized by the opportunity to win a gift card would not be reasonably expected by Yelp users who saw those reviews.  Any such endorsements procured by Defendants are therefore not only deceptive and misleading, but also constitute violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, requiring the disclosure of a material connection between a marketer and an endorser when their relationship is not otherwise apparent from the context of the communication that contains the endorsement.

30.     For example, one Revleap customer, SkyMaids, solicited reviews through a Revleap program, which allowed SkyMaids to send emails to individuals containing survey links, as shown in the screenshot below:

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711



31.     Individuals who responded positively to the survey were subsequently directed to write reviews on Yelp in order to be entered into a raffle for a $100 gift card to one of a selection of merchants:

32.     Notwithstanding their use of Defendants' services, however, SkyMaids maintains a 1.5 average star rating out of a maximum of 5 stars on Yelp:



# SkyMaids

★★ ★ ★ ★  25 reviews   [ Details ]

$$$ · Home Cleaning, Office Cleaning, Carpet Cleaning,
Home & Garden   [ Edit ]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE YELP TOS**

33.    When a user logs into the Yelp Site or creates a Yelp account, the user must agree to the Yelp TOS, which govern access to and use of the Yelp Site.  Each Defendant created a Yelp user account and has accessed the Yelp Site to contribute reviews and other content.  As such, Defendants have agreed to and are bound by the Yelp TOS.  (*See* Exhibit 1, Paragraph 1.)

34.    In doing so, Defendants further agreed not to "assist, encourage, or enable others" to violate Yelp's Content Guidelines.  A copy of the Yelp Content Guidelines, as they existed at all times relevant to this Complaint, is attached hereto as **Exhibit 2**.  Defendants' conduct as alleged herein has breached, and continues to breach, numerous provisions of the Yelp TOS and Content Guidelines, including but not limited to the Restrictions in Paragraph 6 of the Yelp TOS.

**THE YELP TRADEMARKS**

35.    In addition to violating the Yelp TOS, Defendants have infringed, and continue to infringe, Yelp's trademark rights by prominently displaying various federally-registered Yelp trademarks on their websites and in their advertising.

36.    Yelp is the owner of numerous federally-registered trademarks for YELP and related YELP logos, including:

| SERVICE MARK | REGISTRATION NUMBER | SERVICES |
| --- | --- | --- |
| YELP | 3,660,122 | Online social networking services, in International Class 45. |
| YELP | 3,660,119 | Providing online electronic bulletin boards for transmission of messages among computer users concerning rankings, ratings, reviews, referrals, and recommendations relating to business organizations and service providers, in International Class 38. |
| YELP | 3,181,664 | Providing telephone directory information via global communications networks; Providing an online interactive website obtaining users comments concerning business organizations, service providers, and other resources; Providing information, namely, compilations, rankings, ratings, reviews, referrals and recommendations relating to business organizations, service providers, and other resources using a global computer network, in International Class 35. |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES

SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| | 3,938,129 | Providing an online interactive website obtaining users' comments concerning consumer information about businesses, service providers, events, public services and government agencies, parks and recreational areas, religious organizations, and nonprofit organizations; providing consumer information, namely, compilations, rankings, ratings, reviews, referrals and recommendations relating to businesses, service providers, events, public services and government agencies, parks and recreational areas, religious organizations, and nonprofit organizations using a global computer network, in International Class 35. |
| | 3,660,123 | Online social networking services, in International Class 45. |
| | 3,660,120 | Providing online electronic bulletin boards for transmission of messages among computer users concerning rankings, ratings, reviews, referrals, and recommendations relating to business organizations and service providers, in International Class 38. |
| | 3,316,616 | Providing an online interactive website obtaining users' comments concerning consumer information about businesses, service providers, events, public services and government agencies, parks and recreational areas, religious organizations, and nonprofit organizations; providing consumer information, namely, compilations, rankings, ratings, reviews, referrals and recommendations relating to businesses, service providers, events, public services and government agencies, parks and recreational areas, religious organizations, and nonprofit organizations using a global computer network, in International Class 35. |

(Collectively, the "Yelp Marks").

37.    The Yelp Marks are conspicuously shown throughout Defendants' websites and advertising, causing consumers to believe that Defendants' services are somehow associated with Yelp, when they are not.  For example, the Yelp Marks appear in the www.yelpdirector.com domain name, and throughout Defendants' revleap.me website, including their advertising of "Our

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  Service" as shown in Paragraph 27 above.

2       38.     The Yelp Marks also repeatedly appear on Defendants' social media pages

3  including Facebook and Twitter:



39.     Not only are consumers *likely* to be confused by Defendants' use of the Yelp

Marks, as set forth above, Yelp has experienced *actual* consumer confusion from individuals who

have complained to Yelp about Defendants' services and spam messages, mistakenly believing

those services and spam messages emanated from Yelp.  Thus, Defendants' use of the Yelp Marks

has caused confusion or mistake, and deceived consumers into believing there is an affiliation,

connection, or association between Yelp and Defendants, or has confused members of the public

as to the origin, sponsorship, or approval of Defendants' services by Yelp.

40.     Not only does Defendants' use of the Yelp Marks infringe Yelp's trademark rights

by causing confusion among businesses as to the source of Defendants' services, but it also dilutes

the Yelp Marks by associating the Yelp Marks with services that are not authorized by Yelp,

thereby reducing their distinctive character.  Moreover, Defendants' use tarnishes the Yelp Marks

because Defendants use them to falsely advertise and promote fraudulent, spam-ridden services

and to falsely claim to be able to undermine the integrity of Yelp's business platform.

Defendants' willful infringement, related unlawful conduct, and the consequent harm to Yelp and its users must be put to an end now and forever.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement; 15 U.S.C. § 1114)

41.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

42.     The Yelp Marks are valid, protectable service marks that have been registered as marks on the principal register in the United States Patent and Trademark Office.

43.     At least two of the Yelp Marks have been granted incontestable status by the United States Patent and Trademark Office: U.S. Reg. No. 3,181,665 for YELP, and U.S. Reg. No. 3,316,616 for the YELP logo.

44.     Yelp is the owner and registrant of the Yelp Marks.

45.     Yelp is the owner of all rights in the service marks that are the subject of the Yelp Marks registrations.

46.     As described in more detail above, Defendants have used the Yelp Marks in connection with the marketing, promotion and sale of their goods and services without Yelp's consent, in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

47.     Defendants' infringement of the Yelp Marks is willful.

48.     Yelp has been, and continues to be, severely damaged by Defendants' infringement, including by suffering irreparable harm through the diminution of trust and goodwill of Yelp's users.  An award of monetary damages alone cannot fully compensate Yelp for its injuries, and Yelp lacks an adequate remedy at law.

49.     As a result of Defendants' unlawful conduct, Yelp is entitled to an injunction, as set forth below, and an order of destruction of all of Defendants' infringing materials.

50.     In addition to injunctive relief, Yelp is entitled to all monetary relief and any other remedies available under the Lanham Act, including but not limited to treble damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**SECOND CLAIM FOR RELIEF**

**(Federal Trademark Dilution; 15 U.S.C. § 1125(c))**

51.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

52.     The Yelp Marks are famous trademarks within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

53.     As a result of Defendants' use of the Yelp Marks to send spam to businesses and solicit reviews for compensation, over which Yelp has no control, the distinctive qualities of the Yelp Marks are being and will continue to be diluted, and Yelp's reputation is being and will continue to be harmed.

54.     Defendants' acts have diluted and will continue to dilute the distinctive nature of the Yelp Marks through blurring, in violation of 15 U.S.C. § 1125(c).

55.     Defendants' acts have diluted and will continue to dilute the distinctive nature of the Yelp Marks through tarnishment, in violation of 15 U.S.C. § 1125(c).

56.     The distinctive nature and reputation of the Yelp Marks is extremely valuable, and Yelp is suffering and will continue to suffer irreparable harm, blurring, and tarnishment of the Yelp Marks if Defendants' wrongful conduct is allowed to continue.

57.     The dilution of the Yelp Marks will likely continue unless the Court orders injunctive relief against Defendants.  An award of monetary damages alone cannot fully compensate Yelp for its injuries, and Yelp lacks an adequate remedy at law.

58.     Yelp is entitled to injunctive relief against Defendants, as well as all monetary relief and any other remedies available under the Lanham Act, including but not limited to treble damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**THIRD CLAIM FOR RELIEF**

**(Federal Unfair Competition; 15 U.S.C. § 1125)**

59.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

60.     The Yelp Marks are valid, protectable service marks that have been registered as marks on the principal register in the United States Patent and Trademark Office.

61.     Yelp is the owner and registrant of the Yelp Marks.

62.     Yelp is the owner of all rights in the service marks that are the subject of the Yelp Marks registrations.

63.     Yelp operates under and uses the trade name "Yelp" in connection with its services.

64.     Defendants have made commercial use of the Yelp Marks and Yelp's trade name.

65.     The nature of Defendants' use is likely to cause confusion or mistake, or to deceive consumers into believing there is an affiliation, connection, or association between Yelp and Defendants, or to confuse them as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

66.     Yelp has not consented to Defendants' use of the Yelp Marks or Yelp trade name.

67.     Defendants' unauthorized use of the Yelp Marks and Yelp trade name was willful.

68.     Defendants' acts constitute false statements in connection with products and/or services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendants' acts have caused and are continuing to cause irreparable injury to Yelp's goodwill and reputation.  An award of monetary damages alone cannot fully compensate Yelp for its injuries, and Yelp lacks an adequate remedy at law.

70.     Yelp is entitled to injunctive relief against Defendants, as well as all monetary relief and any other remedies available under the Lanham Act, including but not limited to treble damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

## FOURTH CLAIM FOR RELIEF

### (Cybersquatting; 15 U.S.C. § 1125(d))

71.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

72.     Defendants' registration and operation of the internet domain name

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   www.yelpdirector.com is identical to, or confusingly similar to and dilutive of, the Yelp Marks

2   and the Yelp Site.

3   73.   The Yelp Marks are famous, and were famous before Defendants began the

4   offending commercial activities described herein, and before Defendants registered the

5   www.yelpdirector.com domain name.

6   74.   Defendants have registered and operated the www.yelpdirector.com domain with a

7   bad faith intent to profit from the Yelp Marks.

8   75.   Defendants' conduct described above, including its use in commerce of the

9   www.yelpdirector.com internet domain, is likely to cause confusion, mistake, or deception as to

10   the source, sponsorship, affiliation or approval of Defendants' services.  Further, Defendants' acts

11   described above constitute false representations of fact that are likely to cause confusion, mistake

12   or deception as to the source, sponsorship, affiliation, or approval of Defendants' services.

13   76.   Defendants' conduct has caused and is continuing to cause irreparable injury to

14   Yelp's goodwill and reputation.  An award of monetary damages alone cannot fully compensate

15   Yelp for its injuries, and Yelp lacks an adequate remedy at law.

16   77.   Yelp is entitled to injunctive relief against Defendants, as well as all monetary

17   relief and any other remedies available under the Lanham Act, including but not limited to

18   cancellation or transfer of Defendants' rights in any offending domain names, treble damages

19   and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory

20   damages.

21   **FIFTH CLAIM FOR RELIEF**

22   **(Breach of Contract)**

23   78.   Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth

24   herein.

25   79.   As detailed above, Defendants have each created a Yelp account, and in so doing

26   entered into and agreed to the Yelp TOS and Content Guidelines.  (*See* Exhibits 1-2.)

27   80.   The Yelp TOS state that "You agree not to, and will not assist, encourage, or

28   enable others to use the Site to...Violate our Content Guidelines, for example, by writing a fake or

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  defamatory review, trading reviews with other businesses, or compensating someone or being

2  compensated to write or remove a review."  (*See*, Exhibit 1, Paragraph 6(A)(i).)

3    81.    The Content Guidelines further state: "business owners should not ask customers to

4  write reviews."  (*See*, Exhibit 2, "Conflicts of Interest.")

5    82.    The Yelp TOS state, among other things, that "You agree not to, and will not assist,

6  encourage, or enable others to use the Site to:"

7        a.    "Promote a business or other commercial venture or event, or otherwise use

8  the Site for commercial purposes;" (*See* Exhibit 1, Paragraph 6(A)(iv).)

9        b.    "Send bulk emails, surveys, or other mass messaging...;" (*See* Exhibit 1,

10  Paragraph 6(A)(v).)

11        c.    "Violate any applicable law;" (*See* Exhibit 1, Paragraph 6(A)(vii).); or,

12        d.    "Record, process, or mine information about other users."  (*See* Exhibit 1,

13  Paragraph 6(B)(vi).)

14    83.    Yelp has performed all conditions, covenants, and promises required on its part to

15  be performed in accordance with the terms and conditions of the Yelp TOS.

16    84.    Defendants have breached the Yelp TOS by, among other things:

17        a.    Soliciting Yelp reviews for Defendants' business owner customers;

18        b.    Offering Yelp reviews for sale;

19        c.    Promoting their businesses and commercial ventures on the Yelp Site, and

20  using the Yelp Site for commercial purposes, by soliciting customers on the Yelp Site and making

21  their false representations regarding services relating to the Yelp Site;

22        d.    Sending bulk and fraudulent spam e-mail and text solicitations to Yelp users

23  and business owners;

24        e.    Violating numerous laws related to their use of the Yelp Marks and the

25  Yelp Site; and,

26        f.    Recording, processing, or mining information about other users for the

27  purpose of Defendants' fraudulent spam marketing and other commercial activities.

28    85.    As a direct and proximate result of Defendants' breaches of the Yelp TOS,

Defendants have caused damages to Yelp in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Interference with Contractual Relations)

86.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

87.     Each Yelp user must agree to the Yelp TOS.  As such, Yelp maintains contracts and existing business relationships with each user that creates a Yelp account or otherwise accesses the Yelp Site.

88.     Defendants have knowledge of these contracts and/or existing business relationships, including without limitation, through their own creation of accounts with Yelp and through their use of the Yelp Site in their unlawful marketing, promotion and sales efforts.

89.     Defendants intentionally interfered with and disrupted the performance of these contracts and/or existing business relationships, and prevented performance of the same, for Defendants' own commercial gain, by inducing certain Yelp users to violate the Yelp TOS, as alleged above.

90.     As a result of Defendants' actions, Yelp has been damaged in an amount to be proven at trial.  Defendants' conduct was a substantial factor in causing Yelp harm.  Defendants' conduct has been malicious, fraudulent, and oppressive and entitles Yelp to an award of punitive and/or exemplary damages.

## SEVENTH CLAIM FOR RELIEF

### (California Unfair Competition; Cal. Bus. Prof. Code §§ 17200, *et seq.*)

91.     Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

92.     Defendants have engaged in fraudulent, unlawful, and unfair business acts or practices, as defined by Cal. Bus. Prof. Code §§ 17200, *et seq.*, by committing the illegal acts and practices as alleged herein, all in an effort to gain unfair competitive advantage over Yelp.  Defendants' misconduct was unlawful because, as described herein, their misconduct constitutes violations of numerous state and federal statutes, including but not limited to state false

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

advertising laws such as Cal. Bus. Prof. Code § 17500, in addition to the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and the Federal Trade Commission Act, 15 U.S.C. § 45. Their misconduct was fraudulent, including but not limited to the false statements Defendants made to Yelp and Yelp's users, as detailed above and in the false advertising claim for relief below. Further, their misconduct was unfair in that Defendants' actions, as described herein, significantly threatened and/or harmed competition.

93. These fraudulent, unlawful, and unfair business acts or practices were committed pursuant to Defendants' business marketing, promotional and sales efforts in relation to the Yelp Site.

94. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Yelp has suffered and will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, Yelp's remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Yelp is entitled to temporary, preliminary, and permanent injunctive relief against Defendants, in addition to restitution in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (California False Advertising; Cal. Bus. Prof. Code §§ 17500, *et seq.*)

95. Yelp incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

96. Defendants' dissemination of, and offer to disseminate, misleading consumer reviews amounts to false advertising designed to benefit Defendants' clients' businesses.

97. Defendants' actions are likely to deceive the public into believing the reviews are uncompensated, objective customer reviews of Defendants' clients' services, and Defendants have engaged in these actions with the intent to induce the public to engage into business transactions with Defendants' clients. Such actions constitute unfair, deceptive, untrue or misleading advertising under Cal. Bus. Prof. Code § 17500.

98. Defendants knew that the reviews they disseminated were misleading as Defendants' business goal was to artificially bolster their clients' businesses.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

99.     Defendants further falsely advertise the nature of their own services.  Defendants advertise: "Our software license will allow you to be one of the highest ranked businesses in your community through Yelp"; "The software uses your customers and connects them to Yelp with cutting edge technology that you will own for life"; "It should not be a bidding war or extortion, you decide what your Yelp looks like, forever," and "We enable them to review you in a new way, and filter out the ones you would like."  However, Defendants have admitted to Yelp that these representations are "just some marketing, seems like consumers respond to it."  Indeed, Defendants do not have the ability to actually provide the services that they falsely and misleadingly advertise and offer.

100.    Yelp has suffered injury-in-fact as a result of Defendants' false advertising in the form of lost sales, lost profits, actual damages, and confusion in the marketplace regarding the nature of the services offered by Yelp.

101.    Defendants' acts described above have greatly and irreparably damaged Yelp and will continue to damage Yelp unless enjoined by this Court.  An award of monetary relief alone cannot fully compensate Yelp for its injuries, and Yelp lacks an adequate remedy at law.  Accordingly, Yelp is entitled to an injunction under Cal. Bus. Prof. Code § 17545, as well as restitution and statutory penalties to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Yelp respectfully prays that the Court enter judgment as follows:

1.      That Defendants infringed the Yelps Marks, and engaged in trademark dilution, unfair competition, and cybersquatting through their use of the Yelp Marks;

2.      That Defendants' trademark infringement was knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

3.      That Defendants engaged in unfair competition, false advertising and also have breached the Yelp TOS and interfered with Yelp's contractual relations by engaging in the unlawful conduct described above;

4.      That the Court enter an order enjoining and restraining Defendants, and all persons or entities acting as agents of or in concert with Defendants, during the pendency of this action and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

thereafter perpetually, from:

a.   infringing, diluting, or cybersquatting on the Yelp Marks in any way, including but not limited to through or on the Yelpdirector Sites or any related promotional materials;

b.   accessing or attempting to access the Yelp Site and/or any Yelp computer systems or information on the Yelp Site or the Yelp computer systems;

c.   accessing or using any information or data regarding Yelp or its users that Defendants have obtained from the Yelp Site or any Yelp computer systems;

d.   initiating, sending or procuring the initiation or sending of any unsolicited commercial electronic mail or text message to Yelp or any Yelp user regarding Defendants' business practices described herein;

e.   engaging in any activity that violates the Yelp TOS, including but not limited to:

i.   Soliciting Yelp reviews from Yelp users;

ii.   Offering Yelp reviews for sale;

iii.   Promoting businesses or commercial ventures on the Yelp Site, and using the Yelp Site for commercial purposes, including but not limited to falsely advertising Defendants' own business activities in relation to the Yelp Site;

iv.   Sending unsolicited e-mail or text messages to Yelp users; and,

v.   Recording, processing, or mining any information about Yelp users for any purpose.

5.   That the Court enter an order transferring the www.yelpdirector.com domain to Yelp and requiring Defendants to conform any other websites in their possession, custody or control to comply with the judgment and injunctive relief entered by the Court;

6.   That Plaintiff be awarded actual damages and Defendants' profits, as well as full restitution from Defendants;

7.   That Plaintiff be awarded statutory damages and/or penalties;

8.   That Plaintiff be awarded its reasonable attorney's fees and costs, as well as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  prejudgment interest to the extent available under the law;

2          9.      That Plaintiff be awarded treble and punitive damages; and,

3          10.     That Plaintiff be granted such other and further relief as the Court deems just and

4  proper.

5  DATED: February 13, 2015              SIDEMAN & BANCROFT LLP

6

7                                        By:  _____
                                                  /s/ Zachary J. Alinder
8                                                 Zachary J. Alinder
                                                  *Attorneys for Plaintiff*
                                                  YELP INC.

9

10

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF