ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:    *zalinder@sideman.com*
ALLYSON M. FAIR (State Bar No. 287926)
E-Mail:    *afair@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

AARON SCHUR (State Bar No. 229566)
E-Mail:    *aschur@yelp.com*
CONNIE D. SARDO (State Bar No. 253892)
E-Mail:    *cdsardo@yelp.com*
YELP INC.
140 New Montgomery Street
San Francisco, California 94105-3705
Telephone:    (415) 908-3801
Facsimile:    (415) 390-2127

Attorneys for Plaintiff Yelp Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YELP INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>EDWARD JAMES HERZSTOCK, et al.,<br><br>           Defendants. | Case No. 5:15-cv-00693 PSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. PROC. 26(F) REPORT** |

Pursuant to Civil Local Rule 16-9, Fed. R. Civ. P. 26(f), and the Standing Order for All Judges of the Northern District of California, Plaintiff Yelp Inc. ("Yelp" or "Plaintiff") and Defendants Edward James Herzstock and Alec Farwell (individually, "Herzstock" and "Farwell," together, "Defendants," and together with Yelp, the "Parties") hereby file the following initial Joint Case Management Conference Statement and Report pursuant to Fed. R. Civ. Procedure Rule 26(f).

**1) Jurisdiction and Service**

The Parties are not aware of any jurisdiction or service issues. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121. In addition, all current defendants have been served and have answered the Complaint.

**2) Facts**

<u>Yelp's Statement of Facts</u>: Defendants co-founded a business, which purports to sell businesses positive reviews on Yelp and to "filter" or remove negative reviews from Yelp. Defendants currently do business as "Revleap," and previously offered the same services under the business names "Yelpdirector" and "Revpley." In the course of marketing these services, Defendants use Yelp's trademarks without authorization, send spam email and text messages to businesses listed on Yelp, violate Yelp's Terms of Service, and falsely advertise to businesses listed on Yelp, including current and prospective Yelp advertisers, that they can manipulate which reviews appear on the Yelp website. Upon learning of Defendants' business practices, in November 2013, Yelp sent Defendants a letter requesting that they cease and desist their unlawful activities.

After months of fruitless follow-up correspondence and—despite receiving assurances to the contrary—seeing that Defendants in fact had expanded rather than cease their unlawful activities, on February 13, 2015, Yelp filed this action seeking injunctive and monetary relief and to finally put an end to Defendants' deceptive practices, which not only harm Yelp, but also consumers and businesses that use Yelp to engage in the marketplace.

<u>Defendants' Statement of Facts</u>: Defendants deny all of Plaintiff's allegations, including but not limited to, that Defendants infringed Yelp's trademarks and engaged in trademark dilution, unfair competition, and cybersquatting through any purported use of Yelp's trademarks. Defendants further deny, *inter alia,* that: (1) any trademark infringement was knowing and willful and/or committed with bad faith and intent to deceive; (2) Defendants violated Yelp's Terms of Service; (3) Defendants interfered with Yelp's contractual relations by engaging in any unlawful conduct as alleged herein; (4) Defendants falsely advertised to businesses listed on Yelp, including

current and prospective Yelp advertisers; and (5) That Plaintiff suffered any actual damage as a result of Defendants' conduct as alleged herein.

**3) Legal Issues**

<u>Yelp's Statement of Legal Issues</u>: In this action, Yelp asserts claims for relief for: (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Trademark Dilution, 15 U.S.C. § 1125(c); (3) Federal Unfair Competition, 15 U.S.C. § 1125; (4) Cybersquatting, 15 U.S.C. § 1125(d); (5) California Common Law Breach of Contract; (6) California Common Law Interference with Contractual Relations; (7) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and (8) California False Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq*. The primary legal issues are whether Defendants are liable to Yelp for these claims for relief or whether Defendants can establish a legal or factual defense to them.

<u>Defendants' Statement of Legal Issues</u>: Defendants contend that the primary legal issues will concern whether Defendants are liable to Yelp for trademark infringement, trademark dilution, unfair competition, cybersquatting, breach of Yelp's Terms of Service, interference with Yelp's contractual relations and false advertising. Additional issues will concern whether any such alleged trademark infringement was willful and/or innocent, whether Defendants were privileged and/or justified in pursuing fair competition in business regarding matters of which Plaintiff complains, whether Defendants' alleged use of Yelp's trademarks constituted fair use and/or nominative use and whether Plaintiff is entitled to recover any actual damages or profits for the alleged infringement and other unlawful conduct complained of by Plaintiff.

**4) Motions**

There are no pending motions in this case. The Parties do not anticipate filing any motions until such time as a motion for summary judgment may be appropriate.

**5) Amendment of Pleadings**

The Parties are not currently aware of any anticipated amendment of the pleadings.

**6) Evidence Preservation**

Counsel for the Parties have instructed their clients to retain and preserve the documents and electronic evidence related to the action, and have been advised that their clients are doing so.

**7) Disclosures**

The Parties held the Rule 26(f) conference on May 18, 2015. The Parties have agreed to an extension on the date to exchange initial disclosures to accommodate summer travel schedules. As such, the Parties have agreed to exchange initial disclosures on or before June 18, 2015.

**8) Discovery**

The Parties held the Rule 26(f) conference and anticipate meeting and conferring on and submitting a stipulated protective order for the Court's approval. The Parties anticipate that order will address any issues of privilege or of protection as to trial preparation materials. The Parties anticipate disclosure of electronically stored information to be produced in pdf format to the extent possible with standard metadata fields. The remaining topics for a discovery plan under Rule 26(f)(3) are discussed in other sections herein.

**9) Class Actions**

Not applicable.

**10) Related Cases**

Not applicable.

**11) Relief**

<u>Yelp's Requested Relief</u>: Yelp requests that the Court enter judgment as follows.

1. That Defendants infringed Yelp's trademarks, and engaged in trademark dilution, unfair competition, and cybersquatting through their use of Yelp's trademarks;

2. That Defendants' trademark infringement was knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

3. That Defendants engaged in unfair competition, false advertising and also have breached Yelp's Terms of Service and interfered with Yelp's contractual relations by engaging in the unlawful conduct described above;

4. That the Court enter an order enjoining and restraining Defendants, and all persons or entities acting as agents of or in concert with Defendants, during the pendency of this action and thereafter perpetually, from:

    a. infringing, diluting, or cybersquatting on Yelp's trademarks in any way,

including but not limited to through or on Defendants' websites or any related promotional materials;

      b.    accessing or attempting to access Yelp's website and/or any Yelp computer systems or information on Yelp's website or Yelp's computer systems;

      c.    accessing or using any information or data regarding Yelp or its users that Defendants have obtained from Yelp's website or any Yelp computer systems;

      d.    initiating, sending or procuring the initiation or sending of any unsolicited commercial electronic mail or text message to Yelp or any Yelp user regarding Defendants' business practices described herein;

      e.    engaging in any activity that violates Yelp's Terms of Service , including but not limited to:

          i.    Soliciting Yelp reviews from Yelp users;

          ii.    Offering Yelp reviews for sale;

          iii.    Promoting businesses or commercial ventures on Yelp's website, and using Yelp's website for commercial purposes, including but not limited to falsely advertising Defendants' own business activities in relation to Yelp's website ;

          iv.    Sending unsolicited e-mail or text messages to Yelp users; and,

          v.    Recording, processing, or mining any information about Yelp users for any purpose.

5.    That the Court enter an order transferring the www.yelpdirector.com domain to Yelp and requiring Defendants to conform any other websites in their possession, custody or control to comply with the judgment and injunctive relief entered by the Court;

6.    That Plaintiff be awarded actual damages and Defendants' profits, as well as full restitution from Defendants;

7.    That Plaintiff be awarded statutory damages and/or penalties;

8.    That Plaintiff be awarded its reasonable attorney's fees and costs, as well as prejudgment interest to the extent available under the law;

9.    That Plaintiff be awarded treble and punitive damages; and,

10. That Plaintiff be granted such other and further relief as the Court deems just and proper.

<u>Defendants' Requested Relief</u>: Defendants request that the Court enter judgment as follows.

1. That Plaintiff take nothing by reason of its Complaint;

2. That judgment be entered in favor of Defendants;

3. That the Court award Defendants their costs of suit, including attorneys' fees in defending this action;

4. That Defendants be granted other and further relief as the Court deems just and proper.

**12) Settlement and ADR**

Pursuant to Civil L.R. 16-8 and ADR L.R. 3-5, the Parties have met and conferred regarding ADR and have stipulated to mediation (Dkt No. 24), and such stipulation has been entered by the Court (Dkt No. 28).

**13) Consent to Magistrate Judge For All Purposes**

The Parties have consented to the assignment of this matter to a Magistrate.

**14) Other References**

The Parties are not aware of any other references that would be appropriate here.

**15) Narrowing of Issues**

The Parties are not aware of any issues that can be narrowed at this point.

**16) Expedited Schedule**

The Parties do not believe this case can be handled on an expedited basis.

**17) Scheduling**

The Parties have agreed on and propose the below deadlines:

Non-expert discovery cut-off: November 6, 2015

Designation of opening experts with any report: December 11, 2015

Designation of rebuttal experts with any report: January 15, 2016

Expert discovery cutoff: February 26, 2016

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1. Deadline(s) for filing discovery motions: See Civil Local Rule 37-3

2. Last day for Hearing of Dispositive Motions: April 15, 2016

3. Final Pretrial Conference: April 29, 2016

4. Trial: May 13, 2016

**18) Trial**

No trial date has been set. The Parties estimate a 5 day jury trial.

**19) Disclosure of Non-party Interested Entities or Persons**

The Parties have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

**20) Other matters that may facilitate a just, speedy and inexpensive disposition**

The Parties are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

DATED: June 2, 2015                SIDEMAN & BANCROFT LLP

By: _____*/s/ Zachary J. Alinder*_____
Zachary J. Alinder
*Attorneys for Plaintiff*
YELP INC.

DATED: June 2, 2015                SCHWARTZ RIMBERG, LLP

By: _____/s/ Jeff D. Neiderman_____
Jeff D. Neiderman, Esq.
Attorneys for Defendants Edward James
Herzstock and Alec Farwell

**Attestation**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the electronic filing of this document has been obtained from the other signatories.

DATED: June 2, 2015                   SIDEMAN & BANCROFT LLP


By:    */s/ Zachary J. Alinder*
   Zachary J. Alinder
   *Attorneys for Plaintiff*
   YELP INC.