ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:     *zalinder@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

AARON SCHUR (State Bar No. 229566)
E-Mail:     *aschur@yelp.com*
YELP INC.
140 New Montgomery Street
San Francisco, California 94105-3705
Telephone:   (415) 908-3801
Facsimile:   (415) 390-2127

Attorneys for Plaintiff Yelp Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELP INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>EDWARD JAMES HERZSTOCK, et al.,<br><br>            Defendants. | Case No. 5:15-cv-00693 PSG<br><br>**NOTICE OF MOTION AND MOTION TO REOPEN CASE AND ENTER STIPULATED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:  General Duty Judge or Other Assigned Judge<br>Dept.:  TBD<br>Date:   December 20, 2017<br>Time:   TBD |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION, MOTION, AND STATEMENT OF RELIEF SOUGHT .......................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 2

I. INTRODUCTION ................................................................................................................. 2

II. STATEMENT OF ISSUE TO BE DECIDED ..................................................................... 2

III. RELEVANT FACTUAL BACKGROUND ........................................................................ 3

    A. Yelp ............................................................................................................................ 3

    B. Defendants ................................................................................................................. 3

    C. The Civil Action Against Defendants ....................................................................... 3

    D. The Settlement and Dismissal ................................................................................... 3

    E. The Breaches Amounting To Repudiation Of The Settlement Agreement ............... 5

IV. THE COURT SHOULD REOPEN THE CASE PURSUANT TO FRCP RULE 60 AND ENTER THE NON-MONETARY STIPULATED JUDGMENT AS AGREED BY THE PARTIES ........................................................................................... 11

V. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dacanay v. Mendoza*,
    573 F.2d 1075 (9th Cir. 1978)................................................................................................11

*Keeling v. Sheet Metal Workers Int'l Ass'n Local Union 162*,
    937 F.2d 408 (9th Cir. 1991)..................................................................................................11

*Sidewinder Marine, Inc. v. Nescher*,
    440 F. Supp. 680 (N.D. Cal. 1976) ........................................................................................11

**Statutes**

15 U.S.C. § 1114 .................................................................................................................................3

15 U.S.C. § 1125 .................................................................................................................................3

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ..........................................................................................3

Cal. Bus. Prof. Code §§ 17500, *et seq.*..............................................................................................3

**Other Authorities**

N.D. Cal. Civ. Local Rule 1-5(k) ......................................................................................................1

N.D. Cal. Civ. Local Rule 7-1(c) ......................................................................................................1

Fed. R. Civ. Proc. Rule 41(a)(1) .......................................................................................................5

Fed. R. Civ. Proc. Rule 60.............................................................................................................1, 11

Fed. R. Civ. Proc. Rule 60(b)(6) ..................................................................................................2, 11

**NOTICE OF MOTION, MOTION, AND STATEMENT OF RELIEF SOUGHT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 20, 2017 at a time to be determined by the Court, or as soon thereafter as the matter may be heard, before the General Duty Judge or other Judge to be assigned to this matter, in a Court in the United States District Court for the Northern District of California to be determined, Plaintiff Yelp Inc. ("Yelp") will, and hereby does, respectfully move this Court, pursuant to Fed. R. Civ. Proc. Rule 60 and Civil Local Rules 1-5(k) and 7-1(c), for an order reopening the case to enter a stipulated judgment against Defendant Edward James Herzstock, individually and on behalf of his company Revleap Corp. ("Defendants"), as provided for in the Parties' Settlement Agreement in this Action.  Yelp has provided the Stipulated Judgment that should be entered attached as Exhibit 2 to the Declaration of Zachary J. Alinder in Support of Motion to Reopen ("Alinder Decl."), filed concurrently with this Motion.  Yelp does not request that the case be reopened as to Defendant Alec Farwell to ensure that the requested relief is narrowly tailored here, as Mr. Farwell has disassociated himself from Defendants, at least in part because of Defendants desire to continue to violate the Settlement Agreement, and does not appear to be responsible for the breaches at issue.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the Proposed Order submitted in support of this Motion; the Declarations of Zachary J. Alinder and Alec Farwell concurrently filed in support of the Motion; and, such other and further papers, evidence, and argument as may be submitted in connection with this Motion

DATED: November 14, 2017            SIDEMAN & BANCROFT LLP

                                    By:  _____*/s/ Zachary J. Alinder*_____
                                         Zachary J. Alinder
                                         *Attorneys for Plaintiff*
                                         YELP INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Good cause exists for the Court to reopen this Action to enter the previously agreed-upon Stipulated Judgment against Defendant Herzstock and his company Revleap for their willful repudiation of the Parties' Settlement Agreement. In late 2015, the Parties engaged in a court-sponsored mediation, which resulted in a Settlement Agreement to resolve this Action. Yelp then filed a dismissal without prejudice, noting specifically that the dismissal was filed "consistent with the Parties' Settlement Agreement." *See* Stipulated Dismissal of Action, ECF No. 43. In resolving this Action, the Parties also specifically agreed in this same Settlement Agreement that Yelp would be allowed to reopen the Action to file and enforce a stipulated judgment against the Defendants, if they were to materially breach the Settlement Agreement and failed to cure the breach. Based on significant material breaches that remain uncured following at least three written notices here and recently-obtained information from Mr. Farwell confirming that these violations were the result of a continuing and willful repudiation of the Settlement Agreement by Defendant Herzstock and his company Revleap, Yelp respectfully submits that there is good cause to enforce the stipulated judgment against them at this point in time. In an effort to narrowly tailor the requested relief and in light of Mr. Farwell's assistance in exposing the repudiation by Mr. Herzstock and Revleap, Yelp does not seek here to reopen the Action as to Mr. Farwell.

Accordingly, pursuant to Fed. R. Civ. Proc. Rule 60(b)(6), Yelp respectfully moves this Court to reopen this case as to Defendant Herzstock, individually and doing business as Revleap Corp., and to enter the Stipulated Judgment, in the form attached as Exhibit A to the Parties' Settlement Agreement in this Action, changed only to (a) remove Mr. Farwell from the pleading, and (b) replace Magistrate Judge Grewal on the signature page.

## II. STATEMENT OF ISSUE TO BE DECIDED

Should the Court reopen this case as to Defendant Herzstock, individually and doing business as Revleap Corp., to enter a Stipulated Judgment for the willful, material, and uncured breaches of the Settlement Agreement, amounting to a repudiation of the agreement itself, as the Parties agreed in settling this Action at a court-sponsored mediation?

## III. RELEVANT FACTUAL BACKGROUND

### A. Yelp

Plaintiff, Yelp, is the owner and operator of www.yelp.com and related international websites (the "Yelp Site"), which allow consumers to read and write reviews of local businesses. *See* Complaint, ECF No. 1, ¶2. Yelp owns various federally registered trademarks, in connection with the Yelp Site, including but not limited to word and design marks incorporating the word "Yelp" (collectively, the "Yelp Marks"). *See id.*, ¶36.

### B. Defendants

Defendant Herzstock co-founded a company called Revleap (also doing business at various times as YelpDirector and Revpley) offering services related to the Yelp Site. *See id.*, ¶10; *see also* Declaration of Alec Farwell ("Farwell Decl."), filed concurrently with this Motion, ¶2. Mr. Farwell was also a co-founder of Revleap. *See id.* Revleap's business model and services unfortunately relied on infringement of Yelp's trademarks and violations of the Yelp Terms of Service, while encouraging and assisting their customers to do so as well. *See* Complaint, ECF No. 1, ¶¶ 19-40.

### C. The Civil Action Against Defendants

On February 13, 2015, Yelp filed a civil action (the "Action") against Mr. Herzstock, Mr. Farwell, and their companies including Revleap in the United States District Court for the Northern District of California, alleging: (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Trademark Dilution, 15 U.S.C. § 1125; (3) Federal Unfair Competition, 15 U.S.C. § 1125; (4) Cybersquatting, 15 U.S.C. § 1125; (5) Breach of Contract; (6) Interference with Contractual Relations; (7) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (8) California False Advertising, Cal. Bus. Prof. Code §§ 17500, *et seq.* (the "Action"). *See id.*, ¶¶41-101; *see* Farwell Decl., ¶4. Magistrate Judge Grewal was assigned to the Action.

### D. The Settlement and Dismissal

On July 17, 2015, this Court assigned Shirish Gupta of JAMS to act as the court-appointed mediator to assist the Parties with attempting to resolve this Action. *See* ECF No. 34. On November 17, 2015, the Parties engaged in mediation through this Court's mediation program and

1  reached a settlement memorialized by a Memorandum of Understanding ("MOU"), resolving the
2  above-referenced Civil Action.  *See* ECF No. 41 (Clerk's Notice certifying settlement of case); *see*
3  *also* ECF No. 42 (order from Court noting that case had been certified as "settled"); *see also*
4  Farwell Decl., ¶5.  While it took some time for the Parties to formalize the MOU entered on
5  November 17, 2015 into a formal written Settlement Agreement, the Parties were ultimately able
6  to do so, and it was signed by Mr. Herzstock on February 29, 2016, and by Yelp on March 21,
7  2016.  Alinder Decl., Ex. 1 (Settlement Agreement) at pp. 9-10; *see also* Farwell Decl., ¶5.

   The Settlement Agreement set forth a number of non-monetary obligations for Defendants, including that Mr. Herzstock, jointly and severally on behalf of himself and Revleap Corp. "agree[d] not to access, use, refer to, or otherwise reference YELP, YELP's services, the Yelp Site, or the Yelp Marks, in any capacity, either directly or indirectly, except as expressly permitted under this Agreement, or otherwise encourage or direct anyone to submit reviews to the Yelp Site or to otherwise violate YELP's Terms of Service or Content Guidelines (currently available at http://www.yelp.com/static?p=tos and http://www.yelp.com/guidelines, respectively)." Alinder Decl., Ex. 1 at §1(a)(1).   Under the Settlement Agreement, the Defendants agreed to only "use the Yelp Site for non-commercial, purely personal, uses." *Id*.  They also agreed jointly and severally to pay Yelp the total amount of $100,000, divided into quarterly payments over a three-year period.  *Id*., §1(b).

   To provide Yelp further comfort that Defendants would not revert to business as usual once the case was dismissed, Defendants agreed to the filing of a stipulated judgment against them for any material breach of the Settlement that remained uncured after 10 days' notice.  *Id*., §§ 1(e)-(i).  The Parties attached form Stipulated Judgments to be filed as Exhibits A and B to the Settlement Agreement, along with the e-signatures of their counsel.  *See id*., Ex. 1 at Exs. A & B (Stipulated Judgments Attached to Settlement Agreement).  The Stipulated Judgment in Exhibit A was agreed to be filed for breach of the non-monetary terms or both the monetary and non-monetary terms above.  *Id*., Ex. 1 at §§ 1(f) & (h).  The Stipulated Judgment in Exhibit B was agreed to be filed for breach of the monetary terms alone.  *Id*., §1(g).

   In addition, in the agreed Stipulated Judgements, the Parties further agreed and stipulated

that: "Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of any Stipulated Judgment entered against them, including any amended or supplemental Judgment that Yelp may be entitled to file if Defendants breach both monetary and non-monetary provisions of the Agreement." *Id.*, Ex. 1 at Ex. A at ¶7 (Stipulated Judgment attached to Settlement Agreement).  As such, the Parties contemplated that under the current circumstances there may need to be some minor changes to the Stipulated Judgment, but that Defendants would not challenge or contest the validity of the Stipulated Judgment. *See id.*  The Parties then agreed that Yelp would then file the voluntary dismissal without prejudice, but in doing so, the Parties also specifically "agreed" that Yelp could "re-open[]" the Civil Action "as necessary to file and enforce the Stipulated Judgments attached as Exhibits A and B" to the Settlement Agreement. *Id.*, Ex. 1 at §1(i).

The Settlement Agreement was fully executed on March 21, 2016. *See id.*, at pp. 9-10; *see also* Farwell Decl., ¶5.  The following day, this Court issued an order to show cause why the case should not be dismissed pursuant to the Settlement Agreement previously certified to the Court by the court-appointed mediator. *See* Order to Show Cause, ECF No. 42.  Later that same day, Yelp filed a Stipulated Dismissal of the Action Pursuant to Fed. R. Civ. Proc. Rule 41(a)(1), further referencing and incorporating into that dismissal that it was being filed pursuant to "the Parties' Settlement Agreement."  Stipulated Dismissal of Action, ECF No. 43, at p. 1:3.

### E.     The Breaches Amounting To Repudiation Of The Settlement Agreement

Shortly after the ink was dry on the Settlement Agreement, Yelp uncovered evidence that Defendant Herzstock and Revleap had violated the material terms of the Settlement Agreement. *See* Alinder Decl., ¶11.  More specifically, Yelp sent Defendants written notice of breaches of the monetary and non-monetary terms of the Settlement Agreement on April 13, 2016, May 9, 2016, and August 10, 2016. *See id.*  Yelp believed at the time that Defendants had cured these violations, and therefore, did not take further action at that time. *See id.*

What Yelp did not know is that "[b]etween March and September of 2016, [Defendant] Herzstock and [Mr. Farwell] argued about [their] obligations under the Settlement Agreement and [Mr. Farwell's] observations that Herzstock was breaching its terms." Farwell Decl., ¶6. In

response, "Herzstock told [Mr. Farwell] that Yelp would not discover any breaches and explained that the Revleap code had a way of hiding whether it was accessing Yelp's site through the use of an anonymous URL referrer service." *Id*., ¶7. "Regardless, whenever [Mr. Farwell] discovered a breach of the Settlement Agreement [he] notified Herzstock and demanded that it be changed." *Id*., ¶8. "An example of such a notice occurred through text message where [Mr. Farwell] notified Herzstock that the Revleap service was scraping Yelp's site for review and customer data, encouraging customers to use the Revleap service for Yelp, and that Revleap service was generally referring to Yelp, all in violation of the Settlement Agreement." *Id*. "Herzstock assured [Mr. Farwell] that he would monitor compliance." *Id*. In September 2016, Defendant Herzstock began to exclude Mr. Farwell from meaningful participation in the company, and by September 18, 2016, began telling third parties that Mr. Farwell was "no longer part of Revleap." Farwell Decl., ¶¶10-11.

Yelp was not aware of the specifics above, until Mr. Farwell himself voluntarily provided information, establishing that Mr. Herzstock, for himself and Revleap, had in effect repudiated the Settlement Agreement right after signing it, which appears to have then led to the falling out between the two. *See* Farwell Decl., ¶¶6-11. Indeed, in one example text message string from 2016, Mr. Farwell exposed the blatant breaches and effective repudiation of the Settlement Agreement by Mr. Herzstock:



Zoomed in copy of the Yelp line to the left:



Farwell Decl., Ex A.  The picture in the text message above shows the name Yelp and the Yelp trademark logo being used in connection with the Revleap services, exactly what Defendants agreed not to do in settling the Action.  *See id*.; *see also* Alinder Decl., Ex. 1 at §1(a)(1).  As Mr. Farwell explained later in his message, Defendant Herzstock and Revleap were plainly "violat[ing] the [Yelp] TOS in multiple ways...."  Farwell Decl., Ex A.  Defendant Herzstock responded to Mr. Farwell not with a denial or a refutation, but with excuses and minor changes that would not affect the underlying plain violations of the Settlement Agreement[1] and Yelp Terms of Service ("TOS"):



---

[1] The blue messages are by Mr. Farwell and the grey are from Defendant Herzstock.

1  *Id.*  Mr. Farwell continued to detail the "blatant violation" of the Settlement Agreement by
2  Defendant Herzstock and Revleap, and even referenced his concern that Yelp could file the
3  Stipulated Judgment against them for these violations, to which Defendant Herzstock answered "I
4  know.":

> Ed I would feel much more comfortable if we targeted Google for scrape instead of Yelp. There is literally zero reason for Yelp over Google, our software works better for Google since they don't filter, and if they have negative Google reviews they're just as likely to buy. When we're blasting 10,000 texts per day to Yelp companies it's only a matter of time before they realize we're scraping the database which is a direct violation of the settlement which allows them to file judgement for a million against us personally. We also retain Google clients longer because it works better for them, and the sales pitch is easier bc they aren't worried about the filter. It's a not necessary risk for no real upside

> I know. We are making the

*Id.* As such, Defendant Herzstock and his company Revleap confirmed in these messages that they had repudiated the non-monetary terms of the Settlement Agreement with Yelp in bad faith and were not abiding by their agreement from the start. *Id.*

Indeed, Mr. Farwell's Declaration provides even further detail confirming these continuing breaches of the Settlement Agreement by Mr. Herzstock and Revleap. *See id.*, ¶¶17-18.[2] For example, as further confirmed by the text messages above, Mr. Farwell revealed his understanding that "it was Herzstock's custom and practice to scrape Yelp for information related to businesses...to approach as potential customers for Revleap," and that "the Revleap service would scrape Yelp for current client customer reviews to add them to the client's account on the Revleap Service." *Id.*, ¶17. Mr. Farwell further identified a third party software solutions company, called Sathra Services, which "assisted Herzstock and Revleap with the development of the Code and specifically those features that scraped and accessed Yelp's site in violation of the Settlement Agreement." *Id.* As discussed above, Defendant Herzstock was apparently relying on this software code and its use of anonymous URL referrer services to ensure "Yelp would not discover any breaches." *Id.*, ¶7. Unfortunately for Mr. Herzstock, that reliance was misplaced, as Yelp also began to separately take notice of these issues.

Despite only recently receiving Mr. Farwell's corroborating information above, Yelp began to suspect Defendants were engaging in continuing violations of the Settlement Agreement in early 2017. And, as required under the terms of the Settlement Agreement, Yelp provided Defendants with notice in March 2017 that they were still in material breach of the non-monetary terms. Alinder Decl., Ex. 3. Not surprisingly, the violations detailed by Yelp are strikingly similar to those later confirmed by Mr. Farwell above: that Revleap had been (i) "directing clients

---

[2] Mr. Farwell also detailed violations of the Settlement Agreement involving advertising, marketing, and promotions related to Yelp. "In or about July of 2017 [Mr. Farwell] viewed advertisements on Youtube from Revleap that alluded to using the Revleap service for Yelp reviews, in violation of the Settlement Agreement." *Id.*, ¶18. Mr. Farwell "also discovered a fake Facebook account for Herzstock to post reviews about Revleap specifically pertaining to how Revleap can help with Yelp." *Id.* These also violate the Settlement Agreement.

to Yelp through anonymous referral links in efforts to access Yelp without detection, and in violation of the Agreement; (ii) "encouraging businesses to use Revleap services in connection with Yelp, in violation of the Agreement; and, (iii) "scraping data from Yelp, in violation of the Agreement." *Id*.

Each of these of course is, as Mr. Farwell put it, a "blatant violation" of the Settlement Agreement, wherein they "agree[d] not to access, use, refer to, or otherwise reference YELP, YELP's services, the Yelp Site, or the Yelp Marks, in any capacity, either directly or indirectly, except as expressly permitted under this Agreement, or otherwise encourage or direct anyone to submit reviews to the Yelp Site or to otherwise violate YELP's Terms of Service or Content Guidelines (currently available at http://www.yelp.com/static?p=tos and http://www.yelp.com/guidelines, respectively)," and further agreed only to "use the Yelp Site for non-commercial, purely personal, uses." Alinder Decl., Ex. 1 at §1(a)(1).

After receiving this March 2017 notice from Yelp, Defendant Herzstock made various excuses, and then attempted to blame Mr. Farwell, even while conceding that Mr. Farwell was no longer associated with Revleap. *See id*., ¶4. The corroborating text messages above, however, have now exposed that Defendant Herzstock, not Mr. Farwell, orchestrated the violations of the Settlement Agreement through his company Revleap. *See* Farwell Decl., Ex A.

To add further insult to injury, Defendant Herzstock and his company Revleap are also in material breach of the monetary terms of the Settlement Agreement, such that it is now clear they have repudiated that portion of the Settlement Agreement as well. Defendants made their September 2016 settlement payment late, after Yelp sent Defendants another written notice that they had missed their quarterly payment. *See* Alinder Decl., ¶14. Defendants then missed their December 31, 2016 payment, and that payment is still outstanding and is therefore a material uncured breach of the monetary terms of the Settlement Agreement. *See id*. Since then, Defendants have also missed payments due in March, June, and September 2017. *See id*. Yelp provided Defendants with notice of the breaches on March 2, 2017, and provided a final notice of these uncured monetary breaches on July 19, 2017, such that these missed payments are all now uncured material violations of the monetary terms of the Settlement Agreement. *See id*., ¶14 &

Ex. 4.

Yelp's July 19, 2017 breach notice letter also reiterated that Revleap "remains in breach" of the non-monetary portion of the Settlement Agreement "as described in my letter to you of March 2, 2017, and Yelp may also seek assistance from the Court at any time relating to that breach as well." *Id.*, Ex. 4.  Defendant Herzstock responded to the July 19, 2017 final notice letter on behalf of himself and Revleap with more excuses, but failed to cure the violations within 10 days as required by the Settlement Agreement.  *See* Alinder Decl., ¶14.

## IV. THE COURT SHOULD REOPEN THE CASE PURSUANT TO FRCP RULE 60 AND ENTER THE NON-MONETARY STIPULATED JUDGMENT AS AGREED BY THE PARTIES

A Federal Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any ... reason that justifies relief."  Fed. R. Civ. Proc. Rule 60(b)(6). "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."  *Keeling v. Sheet Metal Workers Int'l Ass'n Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991); *see also Sidewinder Marine, Inc. v. Nescher*, 440 F. Supp. 680, 682 (N.D. Cal. 1976) ("It would be totally inappropriate to allow defendants to strip federal courts of exclusive jurisdiction over a lawsuit merely by entering a settlement in bad faith.").  Further, "in the usual litigation context ... courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential."  *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

Here, the Court should exercise its discretion to reopen the case to enter a stipulated judgment against Defendants Herzstock and his company Revleap, as plainly agreed in the Settlement Agreement between the Parties.  *See* Alinder Decl., Ex 1 at §§1(e)-(i).  This procedure was contemplated not only in the filing of the Stipulated Dismissal, which was filed in response to the Court's Order referencing the settlement at the court-sponsored mediation (ECF No. 42), and which explicitly referenced that it was being filed pursuant to the terms of the Settlement Agreement (ECF No. 43), but also the Settlement Agreement itself, which stated that this "Civil

1  Action may be re-opened only as necessary to file and enforce the Stipulated Judgments attached
2  as Exhibits A and B." *Id.*, §1(i).  And, as established above, there can be no dispute that
3  Defendant Herzstock and his company Revleap signed the Settlement Agreement and that he has
4  since effectively repudiated the Settlement Agreement by willfully violating both its monetary and
5  non-monetary terms.  *See* Section III.(D.)-(E.) above.
6       The only issues that need to be further addressed here are that (a) Defendant Farwell is no
7  longer with Revleap and does not appear to have been a willing participant in the material
8  breaches or repudiation of the Settlement Agreement; and, (b) any order and judgment will need to
9  be signed by the General Duty Judge or another Judge assigned to this matter, because Magistrate
10 Judge Grewal is no longer on the bench.
11      Yelp has therefore filed, concurrently with this Motion, an updated Stipulated Judgment
12 that tracks the agreed Stipulated Judgment to be filed in these circumstances (attached as Exhibit
13 A to the Settlement Agreement), except that it removes Mr. Farwell and Judge Grewal and adds
14 today's date.[3]  Alinder Decl., Ex. 2 (Updated Stipulated Judgment).  Yelp respectfully submits that
15 good cause and extraordinary circumstances exist here to set aside the dismissal and reopen the
16 Action to enter the proposed revised Stipulated Judgment attached to the Alinder Declaration as
17 Exhibit 2.

## V. CONCLUSION

19      For the foregoing reasons, Yelp respectfully requests that the Court grant Yelp's Motion to
20 Reopen this case against Defendant Herzstock, individually and on behalf of his company
21 / / / /
22 / / / /
23 / / / /

---

[3] The updated Stipulated Judgment also makes one non-substantive changes in removing my former colleague from the caption page.  A redline between the Stipulated Judgment attached to the Settlement Agreement as Exhibit A and this slightly revised version is attached as Exhibit 5 to the Alinder Declaration to ensure full transparency.

1 Revleap, and to enter the updated Stipulated Judgment, filed concurrently with this Motion, as
2 Exhibit 2 to the Alinder Declaration.
3 DATED: November 14, 2017                SIDEMAN & BANCROFT LLP

By: ___*/s/ Zachary J. Alinder*___
Zachary J. Alinder
*Attorneys for Plaintiff*
YELP INC.