UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YELP INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD JAMES HERZSTOCK, et al.,<br><br>    Defendants. | Case No. 15-CV-00693-PSG   (LHK)<br><br>**ORDER GRANTING MOTION TO REOPEN CASE AND ENTER STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 44 |

Before the Court is Plaintiff Yelp, Inc. ("Plaintiff") motion to reopen the instant case and enter stipulated judgment against Defendant Edward James Herzstock ("Defendant") doing business as Revleap. ECF No. 44. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion to reopen and enter stipulated judgment.

**I.   BACKGROUND**

    **A.   Factual Background**

Plaintiff owns and operates www.yelp.com and related international websites that allow consumers to read and write reviews of local businesses. *See* ECF No. 1 ("Compl.") ¶ 2. Plaintiff owns a number of federally registered trademarks in connection with the Yelp website. *Id.* ¶ 36.

Defendant owns a company called Revleap that offers services relating to the Yelp website, in particular assisting businesses through removing negative reviews and posting positive reviews. *Id.* ¶¶ 19–40. Defendant previously operated Revleap with Alec Farwell ("Farwell"), though Plaintiff and Defendant dispute whether Farwell co-owned Revleap or was an independent contractor. *Compare* ECF No. 47 ("Mot.") at 3 *with* ECF No. 45 ("Opp.") at 2–5. Farwell exited Revleap in September 2016. ECF No. 44-2, Declaration of Alec Farwell ("Farwell Decl.") ¶¶ 10–11.

**B.   Procedural History**

On February 13, 2015, Plaintiff brought an action against Defendant, Farwell, and Revleap alleging (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Trademark Dilution, 15 U.S.C. § 1125; (3) Federal Unfair Competition, 15 U.S.C. § 1125; (4) Cybersquatting, 15 U.S.C. § 1125; (5) Breach of Contract; (6) Interference with Contractual Relations; (7) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (8) California False Advertising, Cal. Bus. Prof. Code §§ 17500, *et seq.* Compl. The case was assigned to United States Magistrate Judge Paul S. Grewal.

On November 17, 2015, the parties reached an agreement to settle the case. *See* ECF No. 41. On March 21, 2016, a written settlement agreement ("Settlement Agreement") was executed. ECF No. 44-1 at 6–16 (copy of Settlement Agreement). On March 22, 2018, Judge Grewal entered an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF No. 42. Later that day, Plaintiff filed a stipulation dismissing the case pursuant to Federal Rule of Civil Procedure 41(a)(1). ECF No. 43.

The Settlement Agreement requires Revleap to pay Yelp a total of $100,000 through quarterly payments spread over three years. ECF No. 44-1 at 8. The Settlement Agreement also contains non-monetary terms stating that Revleap, Defendant, and Farwell "agree[d] not to access, use, refer to, or otherwise reference YELP, YELP's services, the Yelp Site, or the Yelp Marks, in any capacity, either directly or indirectly, except as expressly permitted under this Agreement, or otherwise encourage or direct anyone to submit reviews to the Yelp Site or to otherwise violate

2

YELP's Terms of Service or Content Guidelines (currently available at http://www.yelp.com/static?p=tos and http://www.yelp.com/guidelines, respectively)." *Id.* at 7.

The Settlement Agreement includes two stipulated judgements, which are attached to the Settlement Agreement as Exhibit A and Exhibit B. *Id.* at 9. The stipulated judgment in Exhibit A is to be filed in the event of a breach of the Settlement Agreement's non-monetary terms. *Id.* at 9. The stipulated judgment in Exhibit B is to be filed in the event of a breach of the Settlement Agreement's monetary terms. *Id.* at 9–10 The stipulated judgment in Exhibit A is to be filed in the event of a breach of the Settlement Agreement's monetary and non-monetary terms. *Id.* at 10.

Plaintiff sent written notices to Defendant and Farwell that they had breached the Settlement Agreement's monetary and non-monetary terms on April 13, 2016, May 9, 2016, and August 10, 2016. ECF No. 44-1, Declaration of Zachary Alinder ("Alinder Decl.") ¶ 11. Plaintiff took no further action because Plaintiff believed that these breaches had been cured. *Id.*

Between March and September 2016, Defendant and Farwell argued about the Settlement Agreement and Farwell's belief that Defendant was violating the Settlement Agreement's terms. Farwell Decl. ¶¶ 6–9. Farwell saved at least one text message conversation about compliance with the Settlement Agreement. ECF No. 44-2 at 5–8. During September 2016, Defendant forced Farwell out of Revleap. Farwell Decl. ¶¶ 10–11 ("On or about September 18, 2016 I learned that Herzstock had contacted our mutual friends and business associates to say that I was no longer a part of Revleap. At that time my access to the company's operations was completely removed."). Defendant and Farwell are currently engaged in litigation stemming from Farwell's departure in Los Angeles County Superior Court. *Id* ¶ 15. Defendant also accused Farwell of embezzling funds from Revleap, but the criminal investigation has now been closed. ECF No. 45 at 7; ECF No. 47-3 at 31 (email exchange with detective assigned to case stating "[t]he case is now closed and is no longer an active criminal investigation.")

On March 2, 2017, Plaintiff sent Defendant and Farwell another notice regarding breach of the Settlement Agreement's terms. ECF No. 44-1 at 32–33 (copy of notice sent by Plaintiff). The March 2, 2017 notice stated that Plaintiff was breaching the Settlement Agreement in the

following ways:

- Revleap is directing clients to Yelp through anonymous referral links in efforts to access Yelp without detection, and in violation of the Agreement.
- Revleap is no longer providing the previously agreed notification concerning Yelp, required by the Agreement.
- Revleap is encouraging businesses to use Revleap services in connection with Yelp, in violation of the Agreement.
- Revleap is scraping data from Yelp, in violation of the Agreement.

*Id.* at 32. Defendant and Farwell subsequently missed payments due under the Settlement Agreement in March, June, and September of 2017. Alinder Decl. ¶ 14.

On November 14, 2017, Plaintiff filed a motion to reopen the case and enter an updated version of the stipulated judgment attached to Exhibit A of the Settlement Agreement ("Stipulated Judgment"). The updated Stipulated Judgment differs from the original only in that the updated former (1) removes Farwell, (2) replaces Judge Grewal, who has left the Court, on the signature page, and (3) removes an attorney who is no longer on the case from the caption page. ECF No. 44 at 12 & n. 3 ("Mot."); ECF No. 44-1 at 27–30 (updated Stipulated Judgment).

On November 28, 2017, Defendant filed an opposition, ECF No. 44 ("Opp.") and a separate objection to Plaintiff's declarations in support of Plaintiff's motion, ECF No. 46.[1] On December 5, 2017, Plaintiff filed a reply. ECF No. 47 ("Reply").

## II.   LEGAL STANDARD

Federal courts "may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any ... reason that justifies relief." Fed. R. Civ. Proc. Rule 60(b)(6). "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Ass'n Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991); *see also Sidewinder Marine, Inc. v. Nescher*, 440 F. Supp. 680, 682 (N.D. Cal. 1976) ("It

---

[1] Under Civil Local Rule 7-3(a), "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." Accordingly, because Defendant filed his objections to the Declarations of Zachary Alinder and Alec Farwell in support of Plaintiff's motion in a separate document, the Court DENIES Defendant's objections. ECF No. 46. However, the Court notes that its order does not rely on the statements Defendant challenges.

would be totally inappropriate to allow defendants to strip federal courts of exclusive jurisdiction over a lawsuit merely by entering a settlement in bad faith."). Further, "in the usual litigation context ... courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

**III.    DISCUSSION**

In the Settlement Agreement, Defendant "agree[d] not to access, use, refer to, or otherwise reference YELP, YELP's services, the Yelp Site, or the Yelp Marks, in any capacity, either directly or indirectly, except as expressly permitted under this Agreement, or otherwise encourage or direct anyone to submit reviews to the Yelp Site or to otherwise violate YELP's Terms of Service or Content Guidelines (currently available at http://www.yelp.com/static?p=tos and http://www.yelp.com/guidelines, respectively)," and further agreed only to "use the Yelp Site for non-commercial, purely personal, uses." ECF No. 44-1 at 7. Plaintiff and Defendant also agreed that the case "may be re-opened only as necessary to file and enforce the Stipulated Judgments attached as Exhibits A and B." *Id.* at 10; *see also* ECF No. 43 (stipulated dismissal of the instant action noting that the dismissal is "consistent with the Parties' Settlement Agreement.").

Plaintiff contends that Defendant has violated the obligations above, and that the Court should therefore reopen this case and entered the Stipulated Judgment attached as Exhibit A to the Settlement Agreement ("Stipulated Judgment"). Plaintiff relies on (1) evidence provided by Farwell and (2) Plaintiff's prior notice to Defendant that Defendant was in breach of the Settlement Agreement's terms. The Court finds this evidence persuasive.

Plaintiff's strongest evidence that Defendant has violated the Settlement Agreement above comes from Farwell. Farwell provided screenshots of his text exchange with Defendant. Because the exchange is important here, the Court excerpts it in full:

> Farwell: And this is absolutely insane it violates the TOS in multiple ways we had to get this off ASAP
> Herzstock: I'll remove the disclaimer part now
> Herzstock: You think we should remove the public review scan?

>Herzstock: It has nothing to do with out [*sic*] system
>Herzstock: We can, just saying it's the same as "google searching for a Busieness" [*sic*]
>Herzstock: Not part of reviews ..but I can see the before/after party
>Herzstock: Part
>Farwell: Yea man that is such a blatant violation in so many ways. 1) we are referencing Yelp. 2) We are connecting to Yelp 3) We [*sic*] encouraging customers to use Revleap for Yelp
>…
>Farwell: Ed I would feel much more comfortable if we targeted Google for scrape instead of Yelp. There is literally zero reason for Yelp over Google, our software works better for Google since they don't filter, and if they have negative Google reviews they're just as likely to buy. *When we're blasting 10,000 texts per day to Yelp companies it's only a matter of time before they realize we're scraping the database which is a direct violation of the settlement which allows them to file judgement for a million against us personally.* We also retain Google clients longer because it works better for them, and the sales pitch is easer bc they aren't worried about the filter. It's a not necessary risk for no real upside
>Herzstock: *I know. We are making the switch*
>Farwell: Sweet thanks
>Herzstock: Have to build each robot separately.

ECF No. 44-2 at 5–8 (emphasis added). This conversation unequivocally shows that Defendant was violating the terms of the Settlement Agreement and that Defendant knew he was doing so. Farwell specifically states that Defendant is committing a "direct violation of the settlement" and that this allows Plaintiff "to file judgement for a million against us personally." *Id.* at 8. Defendant responds "I know." *Id.* If there were any doubt as to what the "I know" refers to, Defendant then refers to "making the switch" which, read in light of Farwell's text, means switching Revleap's scraping from Yelp to Google. That necessarily means Defendant was still targeting Yelp when the text exchange occurred, which violates the Settlement Agreement. *See also* Farwell Decl. ¶¶ 17–18 (other evidence that the Settlement Agreement was violated).

Defendant has two responses to this. First, Defendant contends the text exchange occurred before the Settlement Agreement was signed and thus that the text exchange is consistent with Defendant ceasing the challenged conduct after the Settlement Agreement was signed. That is not plausible. Farwell's text explicitly mentions the Settlement Agreement and expresses concern that the Stipulated Judgment will be entered, which necessarily presumes the Settlement Agreement is in effect. In turn, Defendant's "I know. We are making the switch" response indicates that he

6
Case No. 15-CV-00693-PSG   (LHK)
ORDER GRANTING MOTION TO REOPEN CASE AND ENTER STIPULATED JUDGMENT

shared Plaintiff's understanding.

Defendant's second argument is that Farwell is pursuing a vendetta against Defendant because Defendant forced Farwell out of Revleap after Farwell embezzled $5,078. Opp. at 1–3. However, the criminal case against Plaintiff has been closed and the ongoing civil litigation between Farwell and Defendant may suggest the two men's acrimony is the product of a business relationship gone sour instead of criminal conduct. ECF No. 47-3 at 31 (email from detective assigned to investigation stating the case is closed); Farwell Decl. ¶¶ 15–16 (noting Farwell is engaged in a shareholder action in Los Angeles County Superior Court against Defendant and Revleap). In any event, Defendant's assertions about Farwell are beside the point. Defendant does not deny that he sent the text messages in the exchange with Farwell, and those text messages show that Defendant was deliberately violating the Settlement Agreement.

Nor is Plaintiff relying solely on Farwell to prove that Defendant violated the Settlement Agreement. Plaintiff sent written notices to Defendant and Farwell that they had breached the Settlement Agreement's monetary and non-monetary terms on April 13, 2016, May 9, 2016, and August 10, 2016. Alinder Decl. ¶ 11. Plaintiff took no further action at that point only because Plaintiff believed that these breaches had been cured. *Id.* On March 2, 2017, Plaintiff provided Defendant and Farwell with written notice that they were breaching the non-monetary terms of the Settlement Agreement. As Plaintiff points out, the violations detailed in the notice are strikingly similar to the conduct outlined in Farwell's text message exchange with Defendant:

- Revleap is directing clients to Yelp through anonymous referral links in efforts to access Yelp without detection, and in violation of the Agreement.
- Revleap is no longer providing the previously agreed notification concerning Yelp, required by the Agreement.
- Revleap is encouraging businesses to use Revleap services in connection with Yelp, in violation of the Agreement.
- Revleap is scraping data from Yelp, in violation of the Agreement.

ECF No. 44-1 at 32. Defendant's failure to respond to Plaintiff's repeated notices to Defendant that Defendant violated the monetary and non-monetary terms of the Settlement Agreement lends further support to the evidence Farwell has provided and reinforces the conclusion that Defendant

1   has, in fact, violated the Settlement Agreement.

2   In sum, the Court finds that Defendant has violated the Settlement Agreement's monetary
3   and non-monetary terms.

**IV.   DISCUSSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion and will enter the updated Stipulated Judgment attached to the motion. ECF No. 44-1 at 27–30. The updated Stipulated Judgment differs from the Stipulated Judgment included as Exhibit A of the Settlement Agreement only in that the updated version it (1) removes Farwell, (2) replace former Judge Grewal on the signature page, and (3) removes an attorney who is no longer on the case from the caption page. ECF No. 44 at 12 & n. 3; ECF No. 44-1 at 27–30 (updated Stipulated Judgment). Although Defendant objects to the reopening of the instant case, Defendant has made no objections to these changes to the Stipulated Judgment. The Court hereby reopens the file for purposes of entering the updated Stipulated Judgment, and after entry, orders the Clerk to close the file. Thus, the Court adds to the updated Stipulated Judgment the phrase "The Clerk shall close the file."

**IT IS SO ORDERED.**

Dated: March 6, 2018

_____
LUCY H. KOH
United States District Judge