ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

AARON SCHUR (State Bar No. 229566)
E-Mail: *aschur@yelp.com*
CONNIE D. SARDO (State Bar No. 253892)
E-Mail: *cdsardo@yelp.com*
YELP INC.
140 New Montgomery Street
San Francisco, California 94105-3705
Telephone: (415) 908-3801
Facsimile: (415) 390-2127

Attorneys for Plaintiff Yelp Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YELP INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD JAMES HERZSTOCK, and ALEC FARWELL, individuals, doing business as YELPDIRECTOR, REVPLEY, and REVLEAP,<br><br>　　　　　Defendants. | Case No. 5:15-cv-00693<br><br>**STIPULATED JUDGMENT AGAINST DEFENDANTS EDWARD JAMES HERZSTOCK DBA REVLEAP** |

1  Pursuant to Fed. R. Civ. P. Rules 54 and 58, Plaintiff Yelp Inc. ("Yelp") and Defendant
2  Edward Herzstock, individually and on behalf of Revleap Corp. (collectively, "Defendants"), by
3  and through their counsel of record, STIPULATE and AGREE to the entry of judgment against
4  Defendants on each of the claims for relief in Yelp's Complaint (the "Complaint") in the above-
5  captioned case as follows:

6  1. Defendants and any employees, agents, or others acting on their behalf, shall be
7  permanently enjoined from accessing, using, referring to, or otherwise referencing
8  Yelp, Yelp's services, the Yelp Site (as defined in the Complaint), or the Yelp
9  Marks (as defined in the Complaint) in any capacity, except as expressly permitted
10  under the Parties' Settlement Agreement, for future or current clients, either
11  directly or indirectly, or otherwise encourage or direct anyone to submit reviews to
12  the Yelp Site or to otherwise violate Yelp's Terms of Service or Content
13  Guidelines;

14  2. Defendants stipulate and agree to abandon the www.yelpdirector.com domain, and
15  remove all references to Yelp, the Yelp Site, and/or the Yelp Marks in all
16  marketing or advertising materials, including without limitation references already
17  posted on the www.revleap.me and www.revpley.com webpages, and REVLEAP's
18  Twitter, Facebook, and/or GoFundMe pages;

19  3. Defendants further agree and stipulate that they will advise their current and future
20  clients that they are not to use Revleap's software or services for purposes of
21  soliciting reviews to be posted to the Yelp Site, and that any solicitation of reviews
22  may violate Yelp's Terms of Service.  In the event that a client or prospective client
23  of Defendants' inquires about Defendants' policy for Yelp reviews, Defendants
24  will direct them to Yelp's position as stated in Yelp's Business Owner Guidelines
25  (currently available on the Yelp Site at http://www.yelp.com/guidelines), and will
26  specifically share with them the provision below from Yelp's Business Owner
27  Guidelines:
28

1  Case No. 5:15-cv-00693
STIPULATED JUDGMENT

"Don't ask your customers to review your business on Yelp. Over time, solicited reviews create bias in your business listing—a bias that savvy consumers can smell from a mile away";

4. Defendants further agree and stipulate to provide a list of all past customers to Yelp for its own internal evaluation purposes;

5. Defendants further agree and stipulate to entry of judgment against them and in favor of Yelp in an amount of $2,000,000;

6. Defendants have entered into this Judgment freely and without coercion, and acknowledge that they have read the provisions of this Judgment and are prepared to abide by them;

7. Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of any Stipulated Judgment entered against them, including any amended or supplemental Judgment that Yelp may be entitled to file if Defendants breach both monetary and non-monetary provisions of the Agreement; and,

8. Pursuant to Fed. Rule of Civ. Proc. Rule 65(d), the Parties agree that the provisions of this Order are binding upon Defendants, and their agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Judgment by personal service or otherwise.

Pursuant to the Stipulation between the Parties, through their counsel of record, **IT IS HEREBY ORDERED, JUDGED AND DECREED THAT**:

9. **JUDGMENT IS HEREBY ENTERED** against the Defendants Edward James Herzstock, individually and on behalf of his company, Revleap Corp., on each of the claims for relief in Yelp's Complaint;

10. That this Judgment shall be entered against Defendants, jointly and severally, and in favor of Yelp in the amount of $2,000,000;

11. That Defendants shall be permanently enjoined and restrained from any further acts of trademark infringement, dilution, unfair competition, cybersquatting, breach of

    contract, interference with contractual relations, or false advertising against Yelp,

including as set forth in Paragraphs 1 through 4 above; and,

  12. That each Party shall bear their own fees and costs.

**IT IS SO STIPULATED AND AGREED.**

DATED: _November 14, 2017_  SIDEMAN & BANCROFT LLP

           By:   */s/ Zachary J. Alinder*
              Zachary J. Alinder
              SIDEMAN & BANCROFT LLP

             *Attorneys for Plaintiff*
              YELP INC.

DATED: _November 14, 2017_  SCHWARTZ, RIMBERG & MORRIS LLP

           By:   */s/ Jeff D. Neiderman*
              JEFF NEIDERMAN
             *Attorneys for Defendants*
         EDWARD JAMES HERZSTOCK and ALEC
         FARWELL, individually and on behalf of
              REVLEAP

**PURSUANT TO STIPULATION, IT IS SO ORDERED, ADJUDGED AND DECREED.**
The Clerk shall close the file.

Dated: _March 6, 2018_         *Lucy H. Koh*

           The Honorable _Lucy H. Koh_
           United States _District_ Judge