UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YELP INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD JAMES HERZSTOCK, et al., <br><br> Defendants. | Case No. 15-CV-00693-PSG   (LHK) <br><br> **ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL** <br><br> Re: Dkt. No. 54 |

On March 6, 2018, this Court granted Plaintiff Yelp, Inc's ("Yelp") motion to enter a stipulated judgment against Defendant Edward Herzstock ("Herzstock"). ECF No. 50 ("Order"); ECF No. 51 ("Judgment").[1] Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Herzstock had 30 days from that date to file a Notice of Appeal. The 30 day deadline expired on April 5, 2018. Herzstock did not file a Notice of Appeal until April 6, 2018. ECF No. 52.

On April 18, 2018, Herzstock filed a motion seeking a retroactive extension of time to file his Notice of Appeal. ECF No. 54 ("Mot."). On May 2, 2018, Yelp filed its opposition. ECF No. 55 ("Opp.").

---

[1] The Court's prior order provided the factual background and procedural history for the instant suit. ECF No. 50. Thus, this order provides only the facts necessary to decide the motion at issue.

1
Case No. 15-CV-00693-PSG   (LHK)
ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

Both sides agree excusable neglect is the applicable standard. 28 U.S.C. § 2107(c) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."). Courts determine whether excusable neglect exists by applying the four factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). "The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395).

The Court finds that the *Pioneer* factors weigh in favor of a finding of excusable neglect. The Court takes each *Pioneer* factor in turn.

First, there is little danger of prejudice to Yelp, the non-moving party. Yelp argues that there will be prejudice because (1) it settled its suit against Herzstock on the assumption that there would be no further litigation and (2) Yelp has already paid for an executed certification of the judgment. Neither argument is persuasive. Yelp's unrealized expectation of finality does not mean that Herzstock's appeal prejudices Yelp. Moreover, the cost of certifying the judgment is minimal in light of the $2,000,000 stipulated judgment. The Court therefore finds there is little danger of prejudice to Yelp.

Second, the length of the delay weighs in Herzstock's favor. Herzstock only missed the April 5, 2018 deadline by one day, and this delay had no effect on judicial proceedings. Yelp does not argue otherwise, but rather suggests that the Court should also count as "delay" the time Yelp did not spend litigating this suit because it settled with Herzstock. However, Yelp provides no authority that holds "delay" can be construed in such an elastic way. The Court will therefore continue to assume that the relevant "delay" is the one day period between the April 5, 2018 deadline and the April 6, 2018 filing of the Notice of Appeal. The Court finds that this relatively short period weighs in Herzstock's favor.

2
Case No. 15-CV-00693-PSG   (LHK)
ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

Third, the reasons for delay weigh in Herzstock's favor. After the Court entered the stipulated judgment on March 6, 2018, Herzstock began searching for new counsel to pursue his appeal. However, Herzstock had not found a new lawyer by the April 5, 2018 deadline. ECF No. 54-2 at 1 (Declaration of Edward Herzstock, or "Herzstock Decl."). Herzstock therefore contacted attorney Robert Tauler on the evening of April 5, 2018. *Id.* Tauler had previously represented Herzstock in opposing Yelp's motion to enter the stipulated judgment. ECF No. 54-1 at 1 (Declaration of Robert Tauler, or "Tauler Decl."). Herzstock apparently believed Tauler would file the Notice of Appeal that same evening. Herzstock Decl. at 1. Tauler was apparently unaware that the deadline was April 5, 2018, and so did not file the Notice of Appeal until the following day, April 6, 2018. Tauler Decl. at 1. This miscommunication is surprising, given Herzstock's evident awareness that April 5, 2018, was the deadline to file the Notice of Appeal. Even so, it remains the case that (1) Herzstock actively sought to secure new counsel after the Court entered judgment; (2) secured new counsel by April 5, 2018; and (3) believed counsel would be filing a Notice of Appeal that same day. The fact that miscommunication ultimately resulted in a one day delay does negate the fact that Herzstock was diligent in attempting to meet the April 5, 2018 deadline. Thus, the reasons for delay weigh in Herzstock's favor.

Fourth, there is no evidence that Herzstock acted in bad faith in missing the April 5, 2018 deadline. Yelp does not argue otherwise. Instead, Yelp argues that because Herzstock exhibited bad faith in violating the underlying settlement agreement, Herzstock's one day delay in filing the Notice of Appeal also constitutes bad faith. Even assuming that Herzstock's violation of the settlement constituted bad faith, the Court finds that entry of a $2,000,000 stipulated judgment against Herzstock was sanction enough. In turn, given that Yelp adduces no evidence showing that the one day delay in filing the Notice of Appeal was the result of bad faith, the Court finds that this factor also weighs in Herzstock's favor.

In sum, all four *Pioneer* factors indicate that Herzstock's one day delay in filing the Notice of Appeal constituted excusable neglect. The Court therefore GRANTS Herzstock's motion to extend time to file a Notice of Appeal.

3
Case No. 15-CV-00693-PSG   (LHK)
ORDER GRANTING MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

**IT IS SO ORDERED.**

Dated: May 8, 2018

_____
LUCY H. KOH
United States District Judge